**UNITED STATES COURT OF APPEALS**

**Filed 2/21/96**

---

JEFFREY D. KING,

      Petitioner - Appellant,                    No. 95-6309

      v.                          (D.C. No. CIV-92-1289-M)

M. DAN REYNOLDS and ATTORNEY         (W.D. Oklahoma)
GENERAL OF THE STATE OF
OKLAHOMA,

      Respondents - Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON, BARRETT,** and **LOGAN**, Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.

---

    [*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

Jeffrey D. King, appearing pro se, appeals the dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus as moot and the dismissal of various other motions and attempted amendments of his petition. We affirm.

Mr. King was charged by information on August 22, 1989, with first degree murder. At his trial, in February 1990, the jury was instructed that it could convict Mr. King of second degree felony murder as a lesser included offense. The jury then convicted Mr. King of second degree felony murder. On appeal from that conviction, the Oklahoma Court of Criminal Appeals reversed and remanded for a new trial, on the ground that it was error to instruct the jury on second degree felony murder where the information only charged first degree murder. King v. State, No. F-90-1061 (Okla. Crim. App. Feb. 25, 1994). Mr. King was retried in September 1994, and was convicted of second degree murder and sentenced to 400 years imprisonment.

Meanwhile, in June 1992, Mr. King filed this 28 U.S.C.§ 2254 petition, asserting various errors in his first conviction. Because he included an allegation that excessive delays in his pending direct appeal violated his constitutional rights, thereby implicating our Harris v. Champion, 938 F.2d 1062 (10th Cir. 1991) ("Harris I") decision, his petition was ultimately transferred, with many others, to a three-judge panel for issue

consolidation and consideration of <u>Harris</u>-type claims.[1]  After additional findings by the three-judge panel, and following <u>Harris II</u>, each of the consolidated <u>Harris</u>-claim cases, including Mr. King's, was transferred back to the district judge to whom it was originally assigned.  Following notification that Mr. King's direct appeal resulted in the reversal of his conviction and remand for a new trial, the district court issued an order to show cause why the habeas petition should not be deemed moot because of the disposition of his direct appeal.

Mr. King filed a response to the show cause order, as well as various other motions:  a petition for a writ of prohibition seeking to prevent his retrial, and various motions seeking to supplement his habeas petition.  The state filed a motion to dismiss Mr. King's court-appointed counsel.  The matter was referred to a magistrate judge, who recommended, *inter alia*, dismissal of the habeas petition as moot.  The district court adopted the report and recommendation and dismissed the petition as moot, denied with prejudice Mr. King's attempts to raise non-<u>Harris</u>-type issues arising out of his *first* conviction, denied without prejudice his attempt to raise issues arising out of his *second*

---

[1]In <u>Harris I</u>, we expressed our concern about delays in the direct appeals of defendants represented by the Oklahoma Appellate Public Defender System, and remanded for an inquiry into such delays.  In a subsequent opinion, we expanded the scope of the inquiry to include an examination of the entire criminal appellate process in Oklahoma.  <u>Hill v. Reynolds</u>, 942 F.2d 1494, 1496-97 (10th Cir. 1991).  In yet another opinion, following our remand in <u>Harris I</u>, we held that "there is a rebuttable presumption that the State's process is not effective and, therefore, need not be exhausted, if a direct criminal appeal has been pending for more than two years without final action by the State."  <u>Harris v. Champion</u>, 15 F.3d 1538, 1546 (10th Cir. 1994) ("<u>Harris II</u>").

conviction, pending exhaustion of his state remedies, denied as moot his writ of prohibition, and denied as moot the state's motion to dismiss appointed counsel.

We affirm for substantially the reasons set forth in the district court's order, adopting the report and recommendation of the magistrate judge. We add the following: Mr. King appears to argue that he has exhausted all state remedies for all of his claims in this habeas petition, including non-Harris claims, because he raised the same issues, he asserts, in his direct appeal from his first conviction.[2] That first conviction was nullified on direct appeal. Thus, to the extent Mr. King challenges his confinement now, he necessarily challenges his second conviction, which occurred on retrial. He must exhaust state remedies on those challenges first, before he can seek habeas relief.

AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[2]It is somewhat difficult to discern Mr. King's precise arguments from his pro se brief. The state has not filed an appellee's brief.